UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 2:24-CV- 162 |
| v. | ) ) ) | Judges _____ |
| REAL PROPERTY LOCATED AT 119 STATE AVENUE, GLASGOW, KENTUCKY 42141 | ) ) ) ) ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Daniel P. Nugent, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of the real property having a mailing address of 119 State Avenue, Glasgow, Kentucky 42141 (hereinafter "defendant property").

2. The United States of America seeks forfeiture of the defendant property pursuant to:

> 21 U.S.C. § 881(a)(7), which authorizes forfeiture of all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lost or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 856.

# THE DEFENDANT *IN REM*

3. The United States seeks forfeiture of the following defendant property, with all appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

> Beginning at a point in the south right of way line of State Avenue, corner with Paul Smith; thence south 37 degrees 48 minutes east along property line of Paul Smith, Mrs. Jim Pace and Mrs. Archie Miller 211.5 feet to corner; with Mrs. Archie Miller; thence south 52 degrees 55 minutes west with line of Mrs. Miller and George Baker 283 feet to corner with George Baker and Commonwealth of Kentucky T. B. Hospital property; thence north 32 degrees 23 minutes west 208 feet to corner in right of way line of State Avenue; thence north 52 degrees 05 minutes east along right of way line of State Avenue 271.3 feet to the beginning containing 1.35 acres.
>
> Being the same property conveyed to Elmer L. Richie and Paulette Richie, husband and wife, or survivor, by deed of Richie Pharmacal Co., a Kentucky corporation, dated 26 April, 1982, recorded in Deed Book 210, page 198, Barren County Clerk's Office, Glasgow, Kentucky.
>
> For further reference see Book D300, Page 778, recorded on October 27, 2006 in the Barren County, Kentucky Clerk's Office conveying a one-half undivided interest in the property to Elmer L. Richie Family Trust, c/o Paulette Richie, co-trustee.

4. The defendant property has not been seized but is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant property at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(2) and (c)(1):

  a. post notice of this action and a copy of the Complaint on the defendant property;

  b. serve notice of this action on the record owner of the defendant property, and any other person or entity who may claim an interest in the defendant property, along with a copy of this Complaint;

    c.    execute a writ of entry for purposes of conducting an inspection and inventory of the property; and

    d.    file a notice of *lis pendens* in the county records where the defendant property is located.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8. The United States of America seeks forfeiture of the defendant property pursuant 21 U.S.C. § 881(a)(7) for violations of 21 U.S.C. § 856.

9. Pursuant to 21 U.S.C. § 881(h), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. As set forth in detail in the Affidavit of Diversion Investigator Merry C. Church, Drug Enforcement Administration, the Government's investigation has determined that the defendant property was used to facilitate the sale of drug-related violations of 21 U.S.C. §§ 841 and 846, and that the defendant property was maintained as a drug-involved premise in violation of 21 U.S.C. § 856. Richie Pharmacal LLC and a number of Richie's customers have conspired

3

to distribute controlled substances by facilitating the use of the DEA registrations of physicians, and in some instances mid-level practitioners such as nurses and physician assistants, by owners and staff of weight loss clinics, to purchase and dispense controlled substances outside the course of professional conduct and for no legitimate purpose, in violation of 21 U.S.C. §§ 841 and 846. Richie Pharmacal LLC maintained the real property for the purpose of unlawfully distributing controlled substances, wherein patients paid for dispensed controlled substances including, but not limited to phentermine and alprazolam, that they were not entitled to receive lawfully to weight loss clinics and others that operate in Kentucky, Tennessee, and elsewhere, and are using the proceeds to promote and facilitate their drug trafficking activities and maintain the Richie Pharmacal business.

11. The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(7).

## CLAIM FOR RELIEF

12. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 11 above.

## PRAYER FOR RELIEF

Wherefore, the United States of America prays:

(1) Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(2) Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property;

(3) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: *Daniel P. Nugent*
DANIEL P. NUGENT
DC Bar No. 499927
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
daniel.nugent@usdoj.gov

# VERIFICATION

I, Merry C. Church, Diversion Investigator, Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this ____4th____ day of September, 2024.

_____
Merry C. Church
Diversion Investigator
Drug Enforcement Administration